UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLES MCCLINTON, DAVID BELTON, MICHAEL
RICHARDS, CORY COPELIN, SHAWN E.
LAWRENCE, SHAWN BOYD, JEMMY STURGIS,
JOHN WOOD, ROHAN MANRAGH, ANTWAN
SMILELY, STEPHEN NICHOLSON,

                     Plaintiffs,

           -against-

SUFFOLK COUNTY DISTRICT ATTORNEY,
SUFFOLK COUNTY, LONG ISLAND BAR
ASSOCIATION, SUFFOLK COUNTY LEGAL AID
SOCIETY, SUFFOLK COUNTY ATTORNEY
GRIEVANCE COMMITTEE,

                     Defendants.
-------------------------------------------------------------------X

ORDER
13-CV-3673 (JFB)(GRB)

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ DEC 30 2013 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

      On June 27, 2013, the Court received a complaint naming the following eleven individual plaintiffs, all of whom are incarcerated at the Suffolk County Correctional Facility: Charles McClinton, David Belton, Michael Richards, Cory Copelin, Shawn E. Lawrence, Shawn Boyd, Jemmy Sturgis, John Wood, Rohan Manragh, Antwan Smilely and Stephen Nicholson (collectively, "plaintiffs"). However, the complaint is signed only by Charles McClinton ("McClinton"), and he is the only one who has submitted an *in forma pauperis* application in this case. Since McClinton's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to file the complaint without prepayment of the filing fees, *see* 28 U.S.C. § 1915(a)(1), his application to proceed *in forma pauperis* is granted.

      Because only McClinton filed this action, the Court *sua sponte* dismisses the claims of all

1

plaintiffs in the caption other than McClinton, without prejudice to each person filing his own signed complaint containing allegations pertaining to him individually. *See Boivin v. Town of Addison*, 366 F. App'x 201, 202 (2d Cir. 2010) (a *pro se* litigant may represent only himself). Any new complaint shall be filed together with either the $400.00 filing fee or an *in forma pauperis* application and PLRA form. The Court orders that the Clerk of Court delete the names of the plaintiffs other than McClinton from the caption of this case.

For the reasons set forth below, McClinton's complaint is *sua sponte* dismissed, with leave to amend, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

## I. BACKGROUND

All allegations in McClinton's complaint are assumed to be true for the purposes of this Order. *See, e.g., Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). The complaint generally states that the defendants, for the purpose of monetary gains, denied McClinton's due process rights by, *inter alia*, waiving felony exams, holding fraudulent grand jury proceedings, and issuing improper indictments, "leaving the accused unable to prepare any type of defense." (Compl. ¶¶ 4, 6, 13.) The complaint further alleges that bail for minorities is being set higher than bail for their "majority counterparts," and that attorneys "deny 6th Amendment right to effective counsel." (*Id.* ¶¶ 7–8.) It also states that the Suffolk County Attorney Grievance Committee and the Suffolk County Bar Association failed to address grievances regarding unidentified attorneys, and that the District Attorney failed to investigate alleged law enforcement improprieties. (*Id.* ¶¶ 9, 14.)

2

McClinton seeks to recover seven hundred million dollars for the following injuries:

> Maliciously and sadistically for the very purpose of causing harm; intent to inflict needless injury. Conduct motivated by evil and intent, it involves reckless callous indifference to the rights of others. Outrageous abuse of power and authority. Racial discrimination. Gross negligence in supervising subordinates. Injuries, pain and suffering accompanying an extended period of prosecution. Psychological trauma, induced by the improper exercise of the police and prosecutorial apparatus.

(*Id.* ¶¶ 15–21.)

## II. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Upon review of McClinton's declaration in support of his application to proceed *in forma pauperis*, the Court determines that McClinton's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, McClinton's request to proceed *in forma pauperis* is granted.

### B. Adequacy of the Pleadings

#### 1. Legal Standard

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead sufficient facts to "state

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although "detailed factual allegations" are not required, the federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 US. at 555).

Here, plaintiff brings claims under Section 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 does not create any independent substantive right; rather, it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). To state a claim under Section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

2. Application

Here, McClinton's allegations are too conclusory to permit judicial consideration. He makes broad, conclusory accusations against the defendants that are wholly devoid of any factual support. Much of his complaint is simply a recitation of legal terms; it includes no facts to

support his general allegations, much less an explanation as to whether or how defendants' alleged actions pertain to him. *See Leogrande v. New York*, No. 08-CV-9088 (JFB), 2013 WL 1283392, at *12, (E.D.N.Y. Mar. 29, 2013) (dismissing claims where plaintiff "relie[d] on diffuse averments but [did] not provide a factual basis for his claim" and where plaintiff's complaint contained "only conclusory, vague, or general allegations") (internal citations omitted). Therefore, the complaint fails to state a cause of action upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii), 1915A(b)(1).

## C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (internal citations and quotation marks omitted); see *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

In an abundance of caution, plaintiff is afforded leave to file an amended complaint alleging a plausible claim in accordance with this Order. Any amended complaint shall be clearly labeled "AMENDED COMPLAINT." Plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, and his failure to do so will lead to the dismissal of his claims with prejudice.

## III. CONCLUSION

McClinton's request to proceed *in forma pauperis* is granted. McClinton's complaint is *sua sponte* dismissed for failure to state a claim. **Plaintiff shall file an amended complaint within**

**thirty (30) days from the date of this Order, and his failure to do so will lead to the dismissal of his claims with prejudice.** No summonses shall issue at this time.

The Court *sua sponte* dismisses the claims of plaintiffs in the caption other than McClinton, and directs the Clerk of Court to delete the names of the plaintiffs other than McClinton from the caption of this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2013
Central Islip, New York